# FIELD *v.* RUGH.

PATENTS; INTERFERENCE.

In an interference involving a substation signal receiving device for use in railway telephone service, where the dates of essential activity in each instance were brought within the compass of a few days, and where all of the tribunals of the Patent Office concurred in finding prior reduction to practice on the part of the appellee, the decision of the Commissioner of Patents was *affirmed,* upon a review of the evidence, in view of the presumption attending uniform decisions by the tribunals of the office on questions of fact.

No. 1214. Patent Appeals. Submitted March 11, 1919. Decided March 31, 1919.

HEARING on an appeal from the decision of the Commissioner of Patents in an interference proceeding. *Affirmed.*

The facts are stated in the opinion.

*Mr. J. G. Robertson, Mr. H. A. Pattison,* and *Mr. D. C. Tanner* for the appellant.

*Mr. H. D. Williams* and *Mr. Wm. S. Pritchard* for the appellee.

PER CURIAM: This is an interference proceeding in which appellant, Joseph C. Field, appeals from the decision of the Commissioner of Patents awarding priority of invention of appellee, Harry O. Rugh.

Field filed his application June 24, 1911. Rugh filed September 14, 1911, and was granted a patent August 11, 1914.

The invention in issue relates to a substation signal receiving device for use in railway telephone service. It consists of a step by step mechanism which may be placed in operative position, held and released at the will of the operator. By means of this device, the operator may call any one of a series of stations on the line without signaling the others.

The case turns largely upon a single issue of fact. Rugh claims to have reduced the invention to practice by successfully operating what is known as the improved 9-B type of signal on the Randolph street station of the Illinois Central Railroad on October 1, 1910, and also on the Tyrone division of the Pennsylvania Railroad on November 28, 1910. The 9-B type was held by all the tribunals below to fully meet the claims of the issue. Field claims a reduction to practice on September 26, 1910, but all the tribunals of the Patent Office, in elaborate opinions carefully analyzing the testimony, have rejected Field's claim and sustained Rugh. While the dates of essential activity in each instance are brought within the compass of a few days, which makes the case an exceedingly close one, we find no reason, especially in view of the presumption attending uniform decisions by the tribunals below on questions of fact, to disturb the award.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required. *Affirmed.*